UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| REGINA WILLIAMS-PRESTON, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. 3:20-cv-773 |
| SOUTH BEND COMMUNITY SCHOOL CORPORATION, | )<br>)<br>) |
| Defendant. | ) |

## OPINION AND ORDER

Regina Williams-Preston is an employee of South Bend Community School Corporation ("SBCSC") as part of the school district's special education support team. She alleges that SBCSC violated her rights under the First Amendment by retaliating against her after she spoke out against racial disparities in school discipline and attempts to circumvent special education law requirements within the district. SBCSC moved to dismiss the case without prejudice, arguing that Ms. Williams-Preston fails to state a claim upon which relief can be granted. For the following reasons, the Court denies the motion to dismiss.

## I.  FACTUAL BACKGROUND

Regina Williams-Preston is a longtime employee of SBCSC and an advocate for racial justice in the South Bend community. She is affiliated with numerous community groups working to address racial disparities in school discipline among other concerns. Ms. Williams-Preston alleges that she has observed these disparities during her work with SBCSC and has repeatedly attempted to voice her concerns with the school district's administration. Ms. Williams-Preston claims to have spoken out publicly about these concerns at local functions, in public interviews, speeches, and on social media, both as a private citizen and in her role as

1

Second District Councilwoman on the South Bend Common Council from 2016-2019. In Ms. Williams-Preston's estimation, the School Board and Superintendent of SBCSC have been "complacent and indifferent with respect to the racial disparity in the discipline of students, faculty, and staff." [DE 4 ¶ 10].

In addition to concerns about racial disparities, Ms. Williams-Preston has also raised concerns about SBCSC's compliance with special education laws. In particular, she alleges she reported Clay High School Assistant Principal Robert Smith for "singling out black students for discipline, verbally abusing, threatening, and bullying students, and violating students' rights to a public education by utilizing 'shadow suspensions.'"[1] *Id.* at ¶ 24. She also claims to have reported then-Clay High School Principal Mansour Eid for his failure to address Mr. Smith's conduct and collaborated with other local activists to raise public awareness about this failure.

Following Ms. Williams-Preston's reports, Mr. Eid was promoted to Director of High Schools. In this role, he had decision-making power over non-termination employment decisions pertaining to high school personnel. Along with Matthew Johns, SBCSC's Director of Special Education, Mr. Eid made the decision to transfer Ms. Williams-Preston from her position at Clay High School to a position at Adams High School, simultaneously moving the staff member who had previously filled the role at Adams into Ms. Williams-Preston's position at Clay. Ms. Williams-Preston alleges that the staff member from Adams specializes in supporting students with autism and she does not. Ms. Williams-Preston claims that this transfer was made in retaliation for her efforts to call attention to the problems she observed. While SBCSC told her that the reason for the transfer was to better serve the students, Ms. Williams-Preston contends

---

[1] In her complaint, Ms. Williams-Preston describes a "shadow suspension" as an informal encouragement to keep a student at home, recorded as an absence rather than a suspension in order to avoid special education laws restricting the suspension of students with individualized education plans.

that there was no legitimate reason for the transfer. Instead, she claims the reassignment harms rather than benefits the students of both Adams and Clay High Schools: students at Clay were deprived of ongoing relationships with Ms. Williams-Preston, while the large number of students at Adams who benefited from the other staff member's particular expertise in autism no longer have that resource. Ms. Williams-Preston alleges she voiced her concerns about the transfer to Mr. Eid, Mr. Johns, and SBCSC general counsel Brian Kubicki, who promised to investigate. Ms. Williams-Preston asserts she later received word that SBCSC had determined that no further action was required. She also claims that SBCSC passed over her for multiple promotion opportunities as further retaliation for her advocacy.

As a result of these events, Ms. Williams-Preston filed suit in the St. Joseph County Superior Court on August 14, 2020, alleging that SBCSC's decisions to transfer her and pass over her for promotions were retaliatory and therefore violated her First Amendment rights. SBCSC removed the case to federal court and filed a motion to dismiss for failure to state a claim.

## II.  STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative

level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## III.  DISCUSSION

In her complaint, Ms. Williams-Preston asserts a claim against SBCSC for violating her First Amendment right to speech regarding matters of public concern. SBCSC moves to dismiss for failure to state a claim, arguing that Ms. Williams-Preston failed to comply with the written notice requirement for lawsuits against public schools set out in the Claims Against Public Schools Act (CAPSA). Ind. Code § 34-13-3.5; [DE 8]. CAPSA states that:

> An individual or entity may not initiate a civil action or an administrative proceeding against a public school, unless the individual or entity submits a written notice to the public school and the governing body . . . that notifies the public school and the governing body . . . of the alleged violation of law and indicates a proposed remedy.

Ind. Code. § 34-13-3.5-4. CAPSA requires notice of suit so that a public school may, within 15 days of receiving the notice, "[r]emedy the alleged violation or violations" or "[m]ake a written offer to the individual or entity to resolve the dispute." Ind. Code. § 34-13-3.5-6. The statute further provides that if the individual "does not submit the notice described in section 4 of this chapter to a public school before initiating a civil action . . ., a court . . . shall dismiss the action without prejudice." Ind. Code § 34-13-36.4-7. SBCSC contends that Ms. Williams-Preston's failure to comply with the writing requirement requires the Court to dismiss the action without prejudice.

4

Ms. Williams-Preston acknowledges she did not provide notice to the school district before filing suit. [DE 10]. However, she contends that she was not required to give written notice to SBCSC because of the federal nature of her claim. While Section 1 states that the statute applies to actions brought against a public school under the laws of the United States or Indiana, she highlights another pertinent part of the statute, which provides: "This chapter may not be construed to restrict or limit the rights, procedures, or remedies available to an individual or entity under (1) the federal or state Constitution; or (2) another federal law." Ind. Code. § 34-13-3.5-2. Because her claim arises under the First Amendment, Ms. Williams-Preston argues that requiring her to provide written notice prior to filing would restrict or limit her constitutional rights.

The plain language of the statute exempts federal suits from its scope. Had it not, federal law would preempt restriction of a litigant's right to file a federal suit. *See* E*dge v. Bd. of Sch. Trustees of Salem Cmty. Sch. Corp.*, 2019 WL 2744691, at *4 (S.D. Ind. July 1, 2019) ("The Indiana General Assembly clearly understood that this statute would be preempted by federal law if it attempted to restrict a litigant's ability to file a federal suit."). SBCSC asserts that there are federal statutes that require some process before filing a § 1983, citing the administrative procedure requirements of the Prison Litigation Reform Act. SBCSC argues this establishes that it cannot be that all pre-suit procedures are de facto unconstitutional. However, in *Felder v. Casey*, 487 U.S. 131 (1988) and *Patsy v. Board of Regents of Florida*, 457 U.S. 496 (1982), the Supreme Court addressed the applicability of state statutes requiring pre-suit notice and a waiting period before suit could be filed, and rejected the applicability of such requirements on Section 1983 claims whether brought in state or federal court. Further, it was Congress who established an exhaustion requirement for the specific class of § 1983 cases brought by prisoners. As the

5

Supreme Court analyzed in *Patsy*, Congress expressly recognized a change in the law when creating this requirement and therefore, the Supreme Court "refused to engraft an exhaustion requirement onto another type of § 1983 action where Congress had not provided for one." *Felder*, 487 U.S. at 148–49 (citing *Patsy*, 457 U.S. at 508–12). Accordingly, SBCSC's assertion that Ms. Williams-Preston was required to provide notice before filing this action is erroneous.

## IV.  CONCLUSION

For the reasons stated above, the Court DENIES SBCSC's motion to dismiss. [DE 8].

SO ORDERED.

ENTERED: November 18, 2020

/s/JON E. DEGUILIO
Chief Judge
United States District Court